# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1421V
Filed: February 6, 2025

| | |
|---|---|
| THOMAS MAYO,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Special Master Horner |

*Courtney Christine Jorgenson*, Siri & Glimstad, LLP, Phoenix, AZ, for petitioner.
*Andrew Donald Downing*, Downing, Allison, & Jorgenson, Phoenix, AZ, former counsel for petitioner.
*Jerome A. Konkel*, Samster Konkel and Safran, Wauwatosa, WI, former counsel for petitioner.
*Alec Saxe*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On October 3, 2022, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (2012) ("Vaccine Act").[2] (ECF No. 1.) Petitioner alleged that he suffered sensorineural hearing loss as a result of her October 4, 2019 influenza ("flu") vaccination. (*Id.*) Petitioner was initially represented by Mr. Konkel. Mr. Downing was substituted as counsel of record as of April 30, 2024. (ECF No. 37.) However, Mr. Downing exited the case as of January 13, 2025, prompting the instant motion for interim attorneys' fees and costs,

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be to the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

1

filed January 6, 2025, which seeks to resolve both Mr. Konkel's and Mr. Downing's fees and costs. (ECF No. 45.)

Petitioner requests attorneys' fees and costs for Mr. Konkel totaling $39,682.55, including $34,139.90 in fees[3] and $5,542.65 for costs. (ECF No. 45-2.) Of the costs submitted by Mr. Konkel, $1,950.00 is the fee of a company specializing in locating experts and $3,500.00 represents a fee for otolaryngologist Theodore McRackan, M.D., who reviewed the case but never prepared any report. (*Id.* at 14.) Dr. McRackan billed at a rate of $500 per hour. (*Id.* at 29.) A retainer invoice was filed for Adrien Eshraghi, M.D., who did prepare a report for this case. (*Id.* at 36.) However, it appears Mr. Konkel omitted Dr. Eshraghi's fee from his requested costs as a matter of billing judgment. (Dr. Eshraghi's report was struck by petitioner following an order by the undersigned explaining why the report likely would not be credited. (ECF No. 33.).) Petitioner requests attorneys' fees and costs for Mr. Downing totaling $14,504.00, including $9,754.00 for attorneys' fees[4] and $4,750.00 for attorneys' costs. (ECF No. 45-1.) The only cost incurred by Mr. Downing was the expert fee for otolaryngologist H. Alexander Arts, M.D., who billed at a rate of $500 per hour. (*Id.* at 5.)

Respondent did not file any response to the motion.

For the reasons discussed below, petitioner's motion is GRANTED, and interim attorneys' fees and costs are awarded in the requested amount.

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and . . . other costs." § 300aa-15(e)(1)(A)-(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). In this case,

---

[3] Work was performed at the following hourly rates:

- Mr. Konkel: $368 for work performed in 2019, $380 for work performed in 2020, $455 for work performed in 2021, $490 for work performed in 2022, $525 for work performed in 2023, and $555 for work performed in 2024.
- Mr. Truesdale: $325 for work performed in 2021 and $350 for work performed in 2022.
- Ms. Abila: $289 for work performed in 2023 and $305 for work performed in 2024.
- Ms. Varga: $117 for work performed in 2019, $148 for work performed in 2020 and 2021, $160 for work performed in 2022, $170 for work performed in 2023, and $182 for work performed in 2024.

(ECF No. 45-2, p. 6.)

[4] Work was performed at the following hourly rates:

- Mr. Downing: $485 for work performed in 2024 and 2025.
- Ms. Allison: $435 for work performed in 2024.
- Paralegals Avery, Malvick, Perez: $175 for work performed in 2024 and 2025.

(ECF No. 45-1, pp. 1-4.)

2

I conclude that this case was filed in good faith and with a reasonable basis. *Accord Madigan v. Sec'y of Health & Human Servs.*, No. 14-187V, 2021 WL 3046614 (Fed. Cl. Spec. Mstr. June 25, 2021) (the undersigned finding a petitioner entitled to compensation for unilateral sudden sensorineural hearing loss caused-in-fact by a flu vaccine).

Additionally, the Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act. *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1374-75 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352. In *Avera*, the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. In *Shaw*, the Federal Circuit clarified that, "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. The fact that an attorney is withdrawing may be a circumstance that warrants an interim award, but it is not necessarily so. *Compare Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148 (2012), *with McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297 (2011). Here, I exercise my discretion to award interim attorneys' fees and costs, given the length of time this case has been pending, the amount at issue, and the fact that the motion is prompted by former counsel winding down his practice in the program. *Accord Chinea v. Sec'y of Health & Human Servs.*, No. 15-95V, 2019 WL 3206829 (Fed. Cl. Spec. Mstr. June 11, 2019) (suggesting threshold requirements for an award of interim fees and costs includes at least $30,000.00 in fees incurred and at least an 18-month pendency).

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1347-48. This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Such applications should not include hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Attorneys' costs must be reasonable as well. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both.

3

Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

The undersigned has reviewed the attorney billing records submitted with petitioner's request. (ECF Nos. 45-1, 45-2.) I do not see any reason to reduce the hourly rates requested or the hours billed. *See Cracraft v. Sec'y of Health & Human Servs.*, No. 20-0562V, 2024 WL 2992939 (Fed. Cl. Spec. Mstr. May 9, 2024); *Phoneprasith v. Sec'y of Health & Human Servs.*, No. 22-79V, 2024 WL 3688490 (Fed. Cl. Spec. Mstr. July 3, 2024); *Willis v. Sec'y of Health & Human Servs.*, No. 19-0680V, 2022 WL 16545528 (Fed. Cl. Spec. Mstr. Sept. 27, 2022). I have also reviewed the requested costs. (ECF Nos. 45-1, 45-2.) The requested costs are reasonable and sufficiently documented. *See Jinkerson v. Sec'y of Health & Human Servs.*, No. 18-1355V, 2024 WL 3760329, at *4 (Fed. Cl. Spec. Mstr. July 11, 2024) (finding $550 per hour to be a reasonable hourly rate for an otolaryngologist).

**Accordingly, the undersigned awards interim attorneys' fees and costs the total of $54,186.55 as follows:**

- **A lump sum amount of $39,682.55 to be paid through an ACH deposit to petitioner's former counsel Mr. Jerome Konkel's IOLTA account for prompt disbursement; and**

- **A lump sum amount of $14,504.00 to be paid through an ACH deposit to petitioner's former counsel Mr. Andrew Downing's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

                                                  **s/Daniel T. Horner**
                                                  Daniel T. Horner
                                                  Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.